UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALAMO AIRCRAFT LTD., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CITY OF SAN ANTONIO, TEXAS; )<br>FEDERAL HIGHWAY )<br>ADMINISTRATION, )<br>)<br>Defendants. )<br>) | Case No. 5:15-cv-00784 |

### MEMORANDUM OPINION

Plaintiff Alamo Aircraft brought suit against the City of San Antonio, Texas, as well as the Federal Highway Administration (FHWA) alleging violations of the Uniform Relocation Assistance and Real Properties Acquisition Policies Act of 1970 (URA), 42 U.S.C. §§ 4601-4655. Both defendants have filed motions to dismiss for, *inter alia*, lack of subject matter jurisdiction. As the Court finds this issue dispositive and will grant FHWA and San Antonio's motions to dismiss, the Court will not address the other issues raised in the parties' briefs. Additionally, discussion of facts has been limited to those relating to the question of jurisdiction.

I.  BACKGROUND

The dispute regards three of defendant's properties, referred to as properties 2603, 2613, and 2602. In 2009, as part of a road-widening project, the city condemned several parcels of land from the properties in question. Plaintiff alleges FHWA provided partial funding for the road-widening project and that the project was undertaken pursuant to the American Recovery and

1

Reinvestment Act of 2009. In 2010, Alamo and San Antonio executed a "self move agreement" to compensate Alamo for relocating property on some of the parcels. Plaintiff alleges San Antonio then changed its plans, adversely impacting Alamo's business.

Alamo requested supplemental relocation assistance in 2013, a request San Antonio denied. Alamo proceeded to request assistance from FHWA. Having not received supplemental assistance, Alamo filed suit to seek judicial review of San Antonio's administrative determinations under the URA, categorizing their claims as "administrative review claims" and "declaratory claims." Alamo Resp. Opp'n City's Mot. Dismiss 6, ECF No. 11. Alamo argues jurisdiction is proper due to federal question jurisdiction pursuant to 28 U.S.C. § 1331. Am. Comp. ¶ 8, ECF No. 18.

San Antonio filed a motion to dismiss, arguing that the URA does not confer a private right of action or remedy, and there is thus no federal question jurisdiction. San Antonio Mot. Dismiss 7, ECF No. 10. They further argue that what review is allowed under the URA is limited to the Administrative Procedures Act (APA), which allows for review of a federal agency's position. *Id.* at 11-12. As San Antonio is not a federal agency, they argue their actions cannot be reviewed in federal court under the APA. *Id.*

FHWA also filed a motion to dismiss. Like San Antonio, they argue that review is limited to the APA. FHWA Mot. Dismiss 10, ECF No. 26. They argue that the APA allows for review of final agency actions, but that FHWA has not taken, nor has Alamo even alleged, a final FHWA action to be reviewed in this case. *Id.* at 13-15. FHWA argues that because there is no APA or URA claim against them, Alamo may not use § 1331 to bring this case in federal court. *Id.* at 11-12.

## II. LEGAL STANDARDS

As federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), courts must dismiss an action if they determine they lack subject matter jurisdiction. Fed. R. Civ. Pro. 12(h)(3). When a party files a motion arguing a court lacks jurisdiction as one of multiple bases to dismiss, the court addresses the question of jurisdiction before the other bases. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining if there is jurisdiction in this case, the Court must determine if there is a federal question sufficient to trigger jurisdiction under § 1331. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807-808 (1986). While there are a great many complexities regarding federal question jurisdiction, "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Id.* at 808.

A district court does not have subject matter jurisdiction over claims against the federal government unless the government has waived its sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."). § 1331 is not a waiver of sovereign immunity. *Humphreys v. United States*, 62 F.3d 667, 673 (5th Cir. 1995) ("It is well-settled that 28 U.S.C. § 1331 . . . granting district courts jurisdiction over cases arising under the Constitution, is not a waiver of sovereign immunity."). However, through the APA the federal government has waived sovereign immunity with respect to certain final agency actions. 5 U.S.C. §§ 702, 704; *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).

## III. DISCUSSION

### 1. The Only Option for Alamo to Review Actions under the URA Is through an APA Challenge.

Precedent is clear that the URA does not create a private right of action for money damages. *Delancey v. City of Austin*, 570 F.3d 590, 592 (5th Cir. 2009) ("[W]e hold that the URA does not provide a private right of action for monetary damages"). However, a plaintiff may nonetheless challenge an action regarding the URA's relocation provisions through the APA. *Kroger Co. v. Regional Airport Authority of Louisville and Jefferson County*, 286 F.3d 382, 386-87 (6th Cir. 2002) ("Agency actions involving relocation assistance under the URA are subject to judicial review under the Administrative Procedure Act"); *Supreme Oil Co. v. Metropolitan Transp. Authority*, 157 F.3d 148, 151 (2nd Cir. 1998) (review of denial of URA relocation benefits is under the APA); *Ackerley v. Henderson*, 881 F.2d 990, 993 (11th Cir. 1989) ("We find that Congress intended that the Administrative Procedure Act would be the exclusive remedy for alleged violations of the URA.").

Given that there is no statutory right of action, the APA challenge is limited to final agency actions. 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). A "final agency action" is the "consummation of the agency's decisionmaking process" and gives rise to legal rights or creates legal consequences. *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997).

### 2. FHWA Did Not Take Any Final Agency Action Relevant to This Case.

The Complaint alleges that FHWA provided funding to San Antonio and that Alamo requested assistance from FHWA "because Alamo had still not received a response from the City." Am. Comp. ¶ 28, 53-54. Outside of conclusory allegations, the Complaint does not identify or describe anything that constitutes a final agency action. Neither providing funding to San Antonio

4

nor failing or refusing to assist Alamo qualify as a final agency action. The mere provision of funds to the city is too attenuated. *See Hein v. Freedom From Religion Found.*, Inc., 551 U.S. 587, 599 (2007) ("[T]he interest of a federal taxpayer in seeing that Treasury funds are spent in accordance with the Constitution does not give rise to the kind of redressable 'personal injury' required for Article III standing."). Likewise, Alamo may not claim FHWA's oversight, or lack thereof, of San Antonio's relocation payments constituted a final agency action. *Clear Sky Car Wash LLC v. City of Chesapeake, Va.*, 743 F.3d 438, 445 (4th Cir. 2014) ("At most, the complaint here suggests only arguably that the USDOT should have monitored the City's conduct more closely and required it to comply with § 4651. But such ongoing oversight does not amount to final agency action under § 704.").

Moreover, the first three counts in the Complaint are for "review of administrative decisions" but only take issue with "the City's determinations," Am. Comp. ¶¶ 62-73, and actually mention FHWA only to allege insufficient oversight of San Antonio. *Id.* That is, the Complaint seeks review of final *city* rather than *agency* actions. While the complaint does include scattered conclusory statements regarding FHWA, threadbare conclusory statements are insufficient as a matter of law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The remaining counts in the Complaint are for declaratory relief. Am. Comp. ¶¶ 74-103. However, including a request for declaratory judgment in the Complaint does not create jurisdiction where it otherwise does not exist. *See, e.g., Anderson v. United States*, 229 F.2d 675, 677 (5th Cir. 1956) ("[T]he Declaratory Judgments Act, 28 U.S.C. § 2201, does not grant any consent of the United States to be sued."); *United States v. Smith*, 393 F.2d 318, 321 (5th Cir. 1968) ("[The Declaratory Judgment Act] does not confer an independent source of jurisdiction upon courts for a suit against the government, since relief thereunder is premised upon the existence of a judicially remediable right.").

Finally, to the extent defendant is arguing there was a final FHWA action due to the existence of a final action by San Antonio, i.e. that San Antonio is an extension of FHWA or an agent of FHWA, this Court sees no reason to depart from the reasoning or conclusion the Ninth Circuit adopted regarding a similar issue with the Federal-Aid Highways Act:

> [W]hile close cooperation between the United States and the individual states was contemplated, the states or their agencies or officials were in no sense to become agents of the United States in projects authorized by that act. The whole tenor of the act is that the United States stands ready to assist the states when, under stated conditions, the states seek such assistance. Section 107 agreements are intended to confirm this arrangement, but not to create a principal and agent relationship in either direction.

*Eden Mem'l Park Ass'n v. United States*, 300 F.2d 432, 439 (9th Cir. 1962). If that were not clear enough, it is followed by a footnote that reads, "[t]he fact that the Federal Government renders financial assistance to a state in connection with the performance of its governmental duties does not bring an agency relationship into existence. *Id.* at n. 12. That is, San Antonio is not an agent of FHWA.

As the only avenue to challenge the alleged actions of FHWA was through the APA and there was no final agency action to trigger review under the APA, this Court does not have jurisdiction over FHWA. FHWA's motion to dismiss will be granted in a separate order accompanying this opinion.

### 3. The APA May Not Be Used to Review San Antonio's Actions in This Case

The APA allows for review of final agency actions. 5 U.S.C. § 704. For San Antonio's actions to be reviewable under the APA it would have to be an agency. Specifically, it would have to be a *federal* agency. *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1055 (5th Cir. 1993) (APA is "a route through which private plaintiffs can

obtain federal court review of the decisions of *federal* agencies." (quoting *Vieux Carre Property Owners, Residents & Associates, Inc. v. Brown*, 875 F.2d 453, 456 (5th Cir. 1989)) (emphasis in original)). Indeed, *Resident Council*—with its explicit statement that because the state entity in question was a nonfederal entity "the district court lacked the power to enjoin it under the APA," *id.*—appears dispositive.

In arguing against this, Alamo claims that the URA converts state agencies into agents of the federal government when federal funding is provided. Alamo Resp. Opp'n City's Mot. Dismiss 10. The two cases Alamo cites for this contention are neither controlling nor persuasive. In the first, *Creative Displays, Inc. v. South Carolina Highway Dept.*, 248 S.E.2d 916 (S.C. 1978), Alamo is actually citing to the dissent, not the majority. *See* Alamo Resp. Opp'n City's Mot. Dismiss 10; *see also* Reply Resp. Opp'n City's Mot. Dismiss 4, ECF No. 12 (arguing that Alamo not only cites to the dissent but that the dissent is inapposite regardless). Furthermore, the fact that *Creative Displays* is in state court and against the state highway department highlights the alternative remedy available to Alamo: state, rather than federal, proceedings against San Antonio. For the second case, Alamo cites *Olivares v. Martin*, 555 F.2d 1192, 1196 n. 5 (5th Cir. 1977). This footnote notes that "State Agencies acting as the agent for federal programs are considered 'federal agencies.'" *Id.* However, the following footnote reads "[i]t is not clear, and we do not decide, whether Olivares may even seek the aid of the federal court to review a denial of relocation assistance," *id.* at n. 6, and the Circuit ultimately dismissed the case for lack of jurisdiction on other grounds.

This Court need not address the issue of if or when San Antonio could conceivably be an agent of a federal agency and thus have its actions challenged under the APA. In this case Alamo is challenging San Antonio's actions and the only nexus to the FHWA is that San Antonio's project

7

received federal funds. Under the reasoning in *Eden Mem'l Park Ass'n*, this is insufficient to make San Antonio an agent. 300 F.2d 432.

Accordingly, San Antonio's motion to dismiss will be granted in a separate order accompanying this opinion.

IV. **CONCLUSION**

As the URA does not create a right of action, the avenue to challenge actions taken pursuant to the URA in federal court is the APA. The APA applies to the final actions of federal agencies. In this case there are two defendants, FHWA and San Antonio. FHWA took no final action and San Antonio is not a federal agency. Accordingly, Alamo may not bring a claim under the APA. This leaves the Court without jurisdiction, as the other bases for jurisdiction fall quickly. For example, declaratory relief is only available where there is otherwise jurisdiction. Similarly, though Alamo at one point argues *Delancy* is not applicable because Alamo is not seeking monetary relief, the Complaint demands "relocation entitlements and payments due." Am. Comp. 23. Moreover, the Court sees no reason to depart from the language or reasoning in *Ackerly* that clearly states the APA is the exclusive remedy for URA challenges in federal courts. 881 F.2d 990.

As there is no jurisdiction, the case must be dismissed. A separate order granting both FHWA and San Antonio's motions to dismiss will thus be issued on this date.

Date: 9/30/16

ROYCE C. LAMBERTH
United States District Judge